# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

**FAITH ALUMINUM COMPANY,**

    Plaintiff,

v.                                Civil Action No. 4:24-cv-00151-WMR

**CONSTELLIUM ROLLED
PRODUCTS RAVENSWOOD, LLC,**

    **Defendant.**

## DEFENDANT'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**The defendant is correctly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**At this time, Constellium Rolled Products Ravenswood, LLC ("Constellium Ravenswood") does not contend that the plaintiff has failed to name any necessary party or that there has been misjoinder of parties.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Faith Aluminum Company ("Faith") processed or "tolled" scrap alloy that Constellium Ravenswood procured on the open market and provided to Faith. Constellium Ravenswood then took delivery of the resulting feedstock alloy and paid Faith for the processing. Constellium Ravenswood has paid Faith for all processing that Faith performed.

Faith nonetheless claims that Constellium Ravenswood is liable for breach of contract and should pay Faith as if Faith had processed certain purported guaranteed minimum amounts, even though Faith did not provide processing services. Faith alternatively claims that if there is no contract, it nonetheless deserves the benefit of the purported contractual bargain, because it allegedly spent $1.1 million on upgrades to perform the contract.

Constellium Ravenswood asserts in defense of Faith's breach of contract claim that no enforceable contract term exists by which Constellium Ravenswood is liable to pay Faith the same per-pound rates whether or not Faith actually processed scrap alloy for Constellium Ravenswood. Faith cannot show agreement to an enforceable contract term that obligates Constellium Ravenswood to pay Faith for processing that did not occur and did not provide any benefit to Constellium Ravenswood.

Constellium Ravenswood agreed to pay Faith a rate of $0.18 per pound for processing scrap alloy in 2023 and a rate of $0.2931 per pound for

processing scrap alloy in 2024. For its 2023 processing, Faith invoiced Constellium Ravenswood—and Constellium Ravenswood paid the invoices—for the poundage that Faith actually processed. Also, in mid-December 2023, Faith told Constellium Ravenswood that "we think it is best if we pause deliveries [of scrap alloy to be processed] into the Georgia plant beginning on 12/14/23 so we do not add to the current production schedule backlog." This statement confirms that Faith did not believe a contract term existed that required Constellium Ravenswood to provide and Faith to process a guaranteed minimum of 1.5 million pounds of scrap alloy per month in 2023. Faith agrees that Constellium Ravenswood paid for all 2023 processing that Faith performed.

Faith continued to process scrap alloy for Constellium Ravenswood in January 2024. When Faith attempted to invoice for additional processing in January that it did not perform, however, Constellium Ravenswood objected to paying those invoices. Faith then demanded that Constellium Ravenswood retrieve all material from Faith's plant and refused to process any more scrap alloy for Constellium Ravenswood. Faith thus terminated whatever agreement the parties had for 2024. Constellium Ravenswood then paid Faith for the processing Faith performed in January 2024.

**In sum, Constellium Ravenswood has paid Faith in full for all scrap alloy processing that Faith performed. Constellium Ravenswood has no obligation to pay Faith any further amounts. Faith's breach of contract claim lacks factual support. Faith simply cannot establish an enforceable contract term obligating Constellium Ravenswood to pay for work not done and receive nothing in return.**

**Constellium Ravenswood also is not liable to Faith on its alternative claim for promissory estoppel, which alleges that Faith is entitled to the benefit of the purported contractual bargain even if there is no contract. Constellium Ravenswood did not reasonably expect that by agreeing to pay Faith for processing scrap alloy Faith would justifiably spend $1.1 million on plant upgrades. Again, Faith's alternative promissory estoppel claim lacks factual support. Faith cannot establish the factual basis for a promissory estoppel claim. Likewise, Faith's claim for statutory fee-shifting lacks factual support. Faith cannot establish that Constellium Ravenswood has acted in bad faith, has been stubbornly litigious, or caused Faith unnecessary trouble and expense.**

**Additional specific facts in defense of Faith's claims may be found in Constellium Ravenswood's memorandum of law in support of its motion to dismiss, filed June 18, 2024.**

(4)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Regarding Faith's breach of contract claim, the following authority is applicable:**

**"A contract is an agreement between two or more parties for the doing or not doing of some specified thing." Ga. Code Ann. § 13-1-1 (1933). While a simple contract may "rest in words as remembered by witnesses," both written and "oral contracts must be certain and definite in their terms."** *Pharr v. Olin Corp.***, 715 F. Supp. 1569, 1573 (N.D. Ga. 1989). "In order to establish that a contract exists under Georgia law, 'the plaintiff in a breach of contract action has the burden of proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms.'"** *Roland v. Ford Motor Co.***, 655 S.E.2d 259, 263 (Ga. Ct. App. 2007) (citation omitted). "[N]egotiations or attempts to enter into a[n] . . . agreement are not sufficient to allege a valid contract."** *Brooks v. Branch Banking & Tr. Co.***, 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015).**

**Furthermore,**

> **For oral contracts to be enforceable under Georgia law it must be shown that there was a meeting of the minds of the contracting parties – mutuality – as to every essential element of the oral agreement. It must be shown 'with reasonable certainty as to what the parties were obligating themselves to do to effect what they**

5

> envisioned . . . ', and 'in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. *A contract cannot be enforced in any form of action if its terms are incomplete . . . incomprehensible. . . . '– vague, indefinite or uncertain.*

*Pharr*, 715 F. Supp. at 1573 (citation omitted; emphasis added). For example, if an oral agreement fails to provide for the amount of compensation or the time such compensation would be due, the essential elements of a contract are lacking, and the agreement is not definite enough to be enforced. *Id.* (citation omitted).

Also, a contract term requiring Constellium Ravenswood to pay for nothing in return would not be enforceable. Faith could have insisted on either a take-or-pay provision or a liquidated damages provision to address the concerns that it now expresses about unused capacity, but it did not. Even if Faith had proposed either type of provision, neither would be enforceable as Faith imagines it. Faith could not enforce either a take-or-pay or a liquidated damages provision that operates as a penalty.

Under take-or-pay contracts, a party agrees to pay for a minimum amount of product or service regardless of whether it "takes" that product or service at the time. *See Superfos Invs. v. Firstmiss Fertilizer*, 821 F. Supp. 432, 433 (S.D. Miss. 1993). Take-or-pay provisions, which are common in the natural gas industry, are enforced because the buyer is paying for the process by which

gas is made available (the cost of production) rather than the product of gas. *Id*. at 434-35.

If the "pay" option of the contract operates as a penalty, it is not enforceable. *Id.* at 433-34. "Courts have recognized, almost without exception, that 'take-or-pay' contracts are alternative performance contracts such that the 'pay' option in a 'take-or-pay' contract is not a penalty provision, and in fact is not a damages provision at all, but rather is one of the buyer's performance alternatives." *Id.* at 434 (listing cases). In other words, in a true, enforceable take-or-pay contract, either taking or paying could be the more advantageous option for the party bound to take or pay, and thus that party has "a real option" for how to perform; if paying is never more desirable, then it is an unenforceable penalty. *Id.* at 434 (quoting 5 S. Williston, *A Treatise on the Law of Contracts* § 781, at 706-07 (W.H.E. Jaeger, ed. 3d ed. 1961); and citing *Restatement (Second) of Contracts* § 356 cmt. c).

Thus, a hallmark of a true take-or-pay contract "is a buyer's contractual right to 'make-up' for gas paid for but not taken" by taking the gas paid for at a later time – in other words, treating the payment as a prepayment for product to be taken later. *Superfos*, 821 F. Supp. at 436-37 (listing cases). An agreement for a "prepayment resulting in a later credit" is enforceable, whereas a penalty is not, and this distinction (i.e., whether the buyer has a "'real choice' of

7

alternatives") is the "determinative factor." *Id.* at 437 (citation omitted). That is, if the buyer has "no real choice," then the provision is an unenforceable penalty. *Id.* In fact, imposing a requirement that a party pay for nothing has been called "absurd." *Id.* (citation omitted).

In *Superfos*, the Court found the contract at issue did not grant the buyer the right to make up any shortfalls by taking later what was paid for earlier, and thus the court looked to the relevant state (there, Virginia) law regarding whether the pay alternative was, instead, a liquidated damages provision or a penalty. *Id.* at 440.

Georgia law permits parties to contract for liquidated damages. Ga. Code Ann. § 13-6-7. Three factors are used to determine "whether a contract provision is enforceable as liquidated damages": "the injury must be difficult to estimate accurately, the parties must intend to provide damages instead of a penalty, and the sum must be a reasonable estimate of the probable loss." *J.P. Carey Enters., Inc. v. Cuentas, Inc.*, 864 S.E.2d 588, 594 (Ga. Ct. App. 2021) (cleaned up).

> "A penalty is a sum named, which is disproportionate to the damage which could have been anticipated from breach of the contract, and which is agreed upon to enforce performance of the main purpose of the contract by the compulsion of this very disproportion. It is held *in terrorem* over the promisor to deter him from breaking his promise. Liquidated damage, on the other hand, is a sum fixed as an estimate made by the

8

> parties at the time when the contract is entered into, of the extent of the injury which a breach of the contract will cause."

*Superfos*, 821 F. Supp. at 440 (quoting *Williston* § 776). "Ultimately, the enforceability of a liquidated-damages provision in a contract is 'a question of law for the court.'" *J.P. Carey*, 864 S.E.2d at 594 (citation omitted).

The *Superfos* court found it was not a reasonable assumption for the parties to have anticipated that the seller "would be damaged to the extent of the *full contract price* for any shortfall" because the market for the product would have to entirely disappear for that to occur, and requiring the buyer to pay the full price for any shortfall would "be grossly disproportionate to any actual or anticipated losses." *Superfos*, 821 F. Supp. at 441 (emphasis by the court). Thus, the provision was "an unenforceable penalty." *Id.* The court noted damages for any breach would be calculated based on ordinary contract law rules. *Id.* at 441 n.8. Under Georgia law, the favored construction of a contract holds a stipulated sum to be a penalty and instead limits recovery to damages actually shown. *J.P. Carey*, 864 S.E.2d at 594.

For Faith's promissory estoppel claim, the following authority is applicable:

> "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which

does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." Ga. Code Ann. § 13-3-44 (1981).

> The essential elements of promissory estoppel are: (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right.

*Rental Equip. Grp., LLC v. Maci, LLC*, 587 S.E.2d 364, 367 (Ga. Ct. App. 2003) (citation omitted). If the promise is incapable of enforcement, neither party is bound. *Pepsi-Cola Co. v. Wright*, 2 S.E.2d 73, 76 (Ga. 1939).

If a plaintiff "does not allege any promise made to her by Defendant, her promissory estoppel claim must fail." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1297 (N.D. Ga. 2015) (citing *Watts v. JPMorgan Chase Bank*, No. 1:13-CV-00866, 2013 U.S. Dist. LEXIS 100136, at *10 (N.D. Ga. July 17, 2013)). Also, "certain promises may be so vague and uncertain that reliance on them would not be reasonable." *Doll v. Grand Union Co.*, 925 F.2d 1363, 1372 (11th Cir. 1991). If a promise is too vague or indefinite to support a breach of contract action, it is too vague or indefinite to support a promissory estoppel claim. *Jackson v. Ford*, 555 S.E.2d 143, 148 (Ga. Ct. App. 2001).

**Furthermore, promissory estoppel damages and contract damages are not the same. Contract damages are "damages that arise naturally and according to the usual course of things from a breach of contract and which occur as the probable result of the breach," but "[d]amages recoverable under promissory estoppel are those damages as are equitable and necessary to prevent injustice from occurring."** *Rental Equip. Grp., LLC*, **587 S.E.2d at 369 (citing**, *inter alia*, **O.C.G.A. § 13-6-2).**

**For Faith's statutory attorney's fees claim pursuant to O.C.G.A. § 13-6-11, the following authority is applicable:**

**Section 13-6-11 states that the "expenses of litigation generally shall not be allowed as a part of the damages," but "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." O.C.G.A. § 13-6-11.**

**Application of the foregoing legal authority to the facts of this case may be found in Constellium Ravenswood's memorandum of law in support of its motion to dismiss, filed June 18, 2024.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**At this time, Constellium Ravenswood does not anticipate identifying a testifying expert.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34 (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**At this time, Constellium Ravenswood does not claim any damages.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**At this time, Constellium Ravenswood does not contend that some other person or legal entity is wholly or partially liable to the plaintiff or to it.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosure as Attachment E.)

**At this time, Constellium Ravenswood has not identified any insurance agreement that may be applicable to this action.**

>**Respectfully submitted,**
>
>**CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD, LLC**
>
>**By Counsel:**
>
>*/s/ John J. Meadows*
>**JOHN J. MEADOWS**
>Georgia Bar No. 311901
>john.meadows@steptoe-johnson.com
>STEPTOE & JOHNSON PLLC
>707 Virginia St. E., Suite 1700
>Charleston, WV 25301
>281.203.5700
>
>*Attorney for Defendant Constellium Rolled Products Ravenswood, LLC*

# Attachment A

## Individuals Likely to Have Discoverable Information

**Constellium Rolled Products Ravenswood, LLC:**

**Shawn George, Metal Champion**
> Mr. George has knowledge regarding the interactions with Plaintiff and Garey Rittenhouse from the initiation of the business dealings of the parties through their cessation.

**Michele Brotherton, Metal Flow Coordinator**
> Ms. Brotherton was involved in interactions with Plaintiff and has knowledge of these interactions.

**Tabitha Sizemore, Commodity Manager**
> Ms. Sizemore was involved in interactions with Plaintiff and has knowledge of these interactions.

**Dave Griffith, Logistics and Subcontractor Manager**
> Mr. Griffith was involved in interactions with Plaintiff and has knowledge of these interactions.

**Terri Sturgeon, Inventory Accountant**
> Ms. Sturgeon was involved in interactions with Plaintiff and has knowledge of these interactions.

**Constellium Ravenswood employees may be contacted through its counsel.**

**Regional Metals Services Inc.:**

**Garey Rittenhouse**

**Faith Aluminum Company:**

**Steve Stewart**

**Kimberly Watson, Office Manager/Accounting**

**Any other employee or agent of Faith who dealt with Constellium Ravenswood and/or Shawn George with respect to Faith performing tolling services**

**<u>Goldy Metals Trading</u>:**

**Greg Goldstein, (317) 550-5700**

**<u>United Scrap Metal</u>:**

**Ross Lew, (708) 780-6800**

# Attachment C

## Description of All Documents, Data Compilations or Other Electronically Stored Information, and Tangible Things

**Constellium Rolled Products Ravenswood, LLC email and related ESI for Shawn George, Michele Brotherton, Tabitha Sizemore, Dave Griffith, Terri Sturgeon, Accounts Payable, and Ravenswood Metaltrade;**

**At this time, Constellium Ravenswood is not aware of relevant documents that exist only in paper format, but it will update these disclosures if it becomes aware of such paper documents.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

**FAITH ALUMINUM COMPANY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**Civil Action No. 4:24-cv-00151-WMR**

**CONSTELLIUM ROLLED
PRODUCTS RAVENSWOOD, LLC,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, a true and correct copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                */s/ John J. Meadows*
                                                **JOHN J. MEADOWS**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

**FAITH ALUMINUM COMPANY,**

    Plaintiff,

v.                                                 Civil Action No. 4:24-cv-00151-WMR

**CONSTELLIUM ROLLED**
**PRODUCTS RAVENSWOOD, LLC,**

    Defendant.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

I, John J. Meadows, counsel for Constellium Rolled Products Ravenswood, LLC, certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

                                               */s/ John J. Meadows*
                                               **JOHN J. MEADOWS**
                                               Georgia Bar No. 311901
                                             john.meadows@steptoe-johnson.com
                                             STEPTOE & JOHNSON PLLC
                                             707 Virginia St. E., Suite 1700
                                             Charleston, WV 25301
                                             281.203.5700

                                             *Attorney for Defendant Constellium*
                                             *Rolled Products Ravenswood, LLC*